### Ex parte John Buckner.

#### February 10, 1881.

When St. Louis County was by the Legislature attached to the Nineteenth Judicial Circuit, the St. Louis Criminal Court was divested of jurisdiction in that county, and the Circuit Court thereof acquired exclusive

criminal jurisdiction therein, unaffected by the statute of 1855 creating the St. Louis Criminal Court and depriving the St. Louis Circuit Court of original criminal jurisdiction.

APPLICATION for *habeas corpus.*
*Prisoner remanded.*
ZACH. MITCHELL, for the petitioner.
JOHN R. WARFIELD, *contra.*

BAKEWELL, J., delivered the opinion of the court.

The return shows that the body of the petitioner is detained by the sheriff of St. Louis County in the jail of that county, by virtue of a warrant issued by the Circuit Court of that county upon an indictment returned by the grand jurors of that county charging the prisoner with burning a school-house.

It is contended that the return is insufficient, because, it is said, the Circuit Court of St. Louis County has no criminal jurisdiction. The criminal jurisdiction which in this instance has been exercised by the Circuit Court of St. Louis County is exclusively vested, we are told, in the St. Louis Criminal Court. This is the only question presented for our consideration by the petition, return, and demurrer in this case.

At the time of the adoption of the existing Constitution of this State, in 1875, the city of St. Louis was within the county of St. Louis, and a part of that political subdivision of the State. The St. Louis Criminal Court then existed, having been created by an act for that purpose, approved November 29, 1855. Acts St. Louis County, 89. The act gave to that court jurisdiction coextensive with the county of St. Louis as it then existed, and vested in it all the original and appellate jurisdiction in criminal cases then vested in the several Circuit Courts of the State, and further provided that thereafter the Circuit Court of St. Louis County should not exercise original jurisdiction in any criminal case.

The Constitution of 1875 declares that the judicial power of the State shall be vested in a Supreme Court, the St. Louis Court of Appeals, Circuit Courts, Criminal Courts, Probate Courts, County Courts, and municipal corporation courts, and declares that the Circuit Courts shall have jurisdiction over all criminal cases not otherwise provided for by law.

The framers of that Constitution set forth amongst its provisions a Scheme for enlarging the limits of the city of St. Louis and then detaching the territory comprised within its enlarged limits from the county of St. Louis, divesting the city of county government. This Scheme was adopted by a vote of the people of the city and county, and went into effect October 22, 1876, and all special legislative enactments relating to St. Louis County inconsistent with the new order of things were, by the terms of the Constitution itself, repealed. Const., Art. IX., sect. 20 ; *The State ex rel.* v. *Walsh,* 69 Mo. 411.

The Constitution, however, provides (Art. IX., sect. 24) that " the county and city of St. Louis as now existing shall continue to constitute the Eighth Judicial Circuit, and the jurisdiction of all courts of record, except the County Court, shall continue until otherwise provided by law." And the Scheme provided (sects. 27, 30) that the grand jury of the Eighth Judicial Circuit (being the circuit in which the city and county then were) shall be selected by the judge of the St. Louis Criminal Court from the city and county of St. Louis, and the petit jurors be summoned as provided by the then existing law, until otherwise provided by law.

By act of the Legislature approved April 28, 1877 (Acts 1877, p. 207), it was provided that the Eighth Judicial Circuit shall consist of the city of St. Louis, and that the Nineteenth Judicial Circuit shall consist of the counties of St. Louis, St. Charles, Lincoln, and Warren. This provision recognizes the new political subdivision of the State which had been carved out of the old St. Louis County and which still retained

that name, and in effect created for that county, which was a different subdivision of the State from the original county, a new Circuit Court, and gave to that court criminal jurisdiction over a territory which, up to that time, had been subject to the jurisdiction of the St. Louis Criminal Court ; and the enactment was manifestly intended to restrict, and did restrict, the jurisdiction of the Criminal Court to the city of St. Louis. A provision of this character and to this effect is contemplated by sect. 24 of Art. IX. of the Constitution, set out above.

The Circuit Court thus created and attached to the Nineteenth Judicial Circuit has, by virtue of the general provisions of the Constitution, jurisdiction over all criminal cases in the territory over which its jurisdiction extends. It has this jurisdiction, as all Circuit Courts in Missouri have it, unless where it has been specially taken away from any Circuit Court by statute. There is no provision of law which professes to deprive this new court of criminal jurisdiction. The Circuit Court of the old county of St. Louis — that is, the Circuit Court of the Eighth Judicial Circuit — was and is deprived of original criminal jurisdiction by the terms of the act creating the St. Louis Court of Criminal Correction. But this provision cannot apply to the court created by act of April 28, 1877, and attached to the Nineteenth Judicial Circuit, because that court did not come into existence till long after the act of November 29, 1855, was passed.

When the old county of St. Louis existed, its courts had jurisdiction of causes, both criminal and civil, within that county. This jurisdiction was once centred in the Circuit Court ; it was afterwards distributed between the Circuit Court and the Criminal Court of that county. By the adoption of the Scheme a new political subdivision of the State was carved out of the territory of the old county and set apart. The natural effect of this action would be to remove the new municipal subdivision from the jurisdiction

of the courts remaining within the old territory. But to guard against the mischiefs of an *interregnum*, the new Constitution provided, as a temporary expedient, that in the event of the adoption by the people of the Scheme, the courts of the old county, except the County Court, should retain jurisdiction over the new municipal subdivision until provision should be made for giving to the new county a court of its own, as in the case of other counties. This anomalous and exceptional condition of things was to last only " until otherwise provided by law." It was intended to cease, and did cease, so soon as a new Circuit Court was created for the new county. This was simply but effectually done by attaching the county to the Nineteenth Judicial Circuit ; and the law thus creating this new Circuit Court was followed by appropriate enactments in regard to the summoning of grand and petit juries, and by such like provisions for the administration of justice in criminal proceedings by this new Circuit Court within the territory assigned to its jurisdiction. The special legislative enactment giving to the St. Louis Criminal Court jurisdiction over the territory which is now the county of St. Louis was manifestly inconsistent with the new order of things. The State is now divided into one hundred and fourteen counties and one city. Acts 1879, p. 61. It was not intended that citizens of Missouri residing in one political subdivision of the State should be tried by jurors summoned from another. The inconsistency is so manifest that it is quite needless to dwell upon it. All special legislative enactments relating to St. Louis County inconsistent with the new order of things were, by the terms of the Constitution, repealed.

The law giving to the St. Louis Criminal Court jurisdiction over that territory which is now the county of St. Louis was a special law within the meaning of that provision of the Constitution relating to the separation of city and county. The Scheme, when adopted, superseded all special

laws relating to St. Louis County inconsistent therewith. Const. 1875, Art. IX., sect. 20. And by express constitutional provision the jurisdiction of the Criminal Court was to extend over the county only until such time as the necessary acts should be passed providing for the criminal business of the county. So soon as this was done the jurisdiction of the St. Louis Criminal Court ceased to extend to the county.

The demurrer to the return is overruled, and the prisoner will be remanded to the custody of the sheriff of St. Louis County. All the judges concur.